# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 20-565

**SUCCESSION OF DELQUAN DEQUINCY LOGAN**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, NO. 107109-L
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ELIZABETH A. PICKETT
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Elizabeth A. Pickett, Shannon J. Gremillion, and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Kenneth H. Hooks, III**
**H. Price Mounger, III**
**Dodson & Hooks**
**112 Founders Dr.**
**Baton Rouge, LA 70810**
**(225) 756-0222**
**COUNSEL FOR OTHER APPELLANT:**
     Tyrone Logan

**Brian C. Colomb**
**Gordon McKernan Injury Attorneys**
**2505 Verot School Road**
**Lafayette, LA 70508**
**(337) 541-6584**
**COUNSEL FOR APPELLEE:**
     India Michelle Labry

**PICKETT, Judge.**

Tyrone Logan appeals the judgment of the trial court removing him as administrator of the succession of his deceased son, Del'Quan Logan, and appointing India Labry, the mother of the decedent's two minor children, as administratrix.

## FACTS

Del'Quan Logan died in a workplace accident on July 11, 2019, while employed offshore when he fell off a barge and drowned. Del'Quan had two young children at the time of his death. According to pleadings filed by Tyrone Logan (hereinafter referred to a Mr. Logan), Del'Quan's father, and India Labry, the mother of Del'Quan's two minor children, Del'Quan died intestate.

Mr. Logan filed a Petition for Appointment of Administrator of Succession on August 12, 2019. The petition claimed the only property of value was a mobile home valued at $3,500 and the Jones Act claim for personal injury that Mr. Logan would file on behalf of his grandchildren. In the sworn detailed descriptive list attached to the petition, Mr. Logan did not list any debts of the succession. The trial court issued an order on August 13, 2019, appointing Mr. Logan as administrator of the succession.

Ms. Labry filed a Motion to Remove Tyrone Logan as Administrator, and Appoint India Labry as Independent Administratrix on August 28, 2019. Ms. Labry alleged that as the mother and natural tutor of Del'Quan's only heirs, she was entitled to be appointed administratrix of the estate, and Mr. Logan was not the proper legal representative of her and the decedent's children. She also alleged that Mr. Logan's petition did not identify any grounds upon which he could be appointed as administrator pursuant to La.Code Civ.P. art. 3097(B), which states:

No person may be appointed dative testamentary executor, provisional administrator, or administrator who is not the surviving spouse, heir, legatee, legal representative of an heir or legatee, or a creditor of the deceased or a creditor of the estate of the deceased, or the nominee of the surviving spouse, heir, legatee, or legal representative of an heir or legatee of the deceased, or a co-owner of immovable property with the deceased.

In response to Ms. Labry's motion to remove him as administrator of his son's estate, Mr. Logan filed an opposition on November 4, 2019, a week before the scheduled hearing on Ms. Labry's motion. In that opposition, he alleged for the first time that he is a creditor of the succession. Mr. Logan introduced a proof of claim that included the bill from the funeral home and a bill for use of a municipal hall for a gathering after Del'Quan's funeral. Mr. Logan alleged that funeral expenses are a succession debt, and because he paid the funeral expenses in excess of $13,000.00 in July, he was a creditor of the succession when he filed the petition to be appointed administrator.

Ms. Labry introduced evidence in the form of an affidavit from Robert Judge, a representative of Del'Quan's employer. The affidavit stated that Mr. Judge had paid the full costs of the funeral expenses to the funeral home. The funeral home agreed to reimburse Mr. Logan $360, the only amount that he had actually paid to the funeral home. Further, Mr. Judge attempted to pay Lafayette for the rent charged for use of the reception hall owned by the city, but Lafayette refused the payment because it had already been paid. Mr. Judge's affidavit stated that he would reimburse the payor of that charge. Attached to the affidavit were copies of the checks, a receipt from the funeral home, and e-mails between Mr. Judge and representatives of the funeral home.

The trial court held a hearing on Ms. Labry's motion to remove Mr. Logan on November 12, 2019. The trial court noted that it had not received a copy of Mr. Logan's opposition before the hearing. After hearing arguments, the trial court

determined that Mr. Logan's initial petition failed to state grounds upon which he could be appointed administrator. Thus, Ms. Labry's pleading seeking removal of Mr. Logan as administrator alleged valid grounds for Mr. Logan's removal. Finally, Mr. Logan's eleventh-hour attempt to qualify as administrator as a creditor failed, as Ms. Labry was appointed administratrix of the succession as representative of her children, the decedent's only heirs.

Mr. Logan now appeals.

## ASSIGNMENTS OF ERROR

Mr. Logan asserts two assignments of error:

1. The trial court erred in removing Tyrone Logan as administrator of the Succession of DelQuan DeQuincy Logan.

   A. The trial court erroneously placed the burden of proof on Mr. Logan to establish he was qualified as administrator at the time of his appointment and the trial court's determination that Mr. Logan's failure to plead his qualifications in his Petition for Appointment of Administrator made his appointment invalid and null was legal error.

   B. To the extent the Petition for Appointment of Administrator was vague as to Mr. Logan's qualifications as administrator, it was cured by evidence submitted by Mr. Logan that he was qualified to be administrator as a creditor of his son's estate under the provisions of La.Code Civ.P. art. 3097(B).

   C. Ms. Labry submitted no evidence that Mr. Logan was not qualified to be administrator at the time of his appointment nor that he had become disqualified.

2. The district court erred in appointing India Labry as independent administratrix of the Succession of Del'Quan DeQuincy Logan. Mr. Logan had already been appointed administrator and his removal was in error.

   A. The order of preference in La.Code Civ.P. art. 3098 operates only where one or more persons seek to be appointed administrator of a succession. Once Mr. Logan was appointed, the preference of La.Code Civ.P. art. 3098 did not inure to Ms. Labry's benefit.

   B. The beneficiary for a Jones Act claim is irrelevant for the purposes of determining the administrator of a succession.

## DISCUSSION

In *Succession of Simon*, 03-1127 (La.App. 3 Cir. 2/4/04), 866 So.2d 349, this court addressed a situation similar to this case. The decedent's mother qualified as the succession representative, and the decedent's surviving spouse and mother of the decedent's minor child sought to remove her as administrator and replace her. *Simon*, like this case, involved a decedent whose heirs had a Jones Act claim. This court found that the party seeking to remove the appointed administrator bore the burden of proving that the administrator was unqualified. Though neither party introduced any evidence at the hearing in *Simon*, this court found that the detailed descriptive list was *prima facie* proof of the contents thereof, citing La.Code Civ.P art. 3137. Because the decedent's mother failed to allege any debts of the succession, and she did not allege she was an heir or the representative of an heir, the court found the trial court properly removed the mother as administratrix.

In the case before us, Ms. Labry introduced evidence that she, not Mr. Logan, was the legal representative of her children as their natural tutor. Thus, she proved that the only stated ground in Mr. Logan's petition to be appointed administrator was not valid, and he had no grounds to be appointed administrator. Therefore, Ms. Labry was the first person to file a valid claim to be appointed administrator pursuant to La.Code Civ.P. art. 3097(B). The burden of proof then shifted to Mr. Logan to show that he was entitled to remain as administrator. The trial court found that Mr. Logan's alleged status as creditor was irrelevant since it was not pled in his original pleadings, and by the time of the hearing it appeared that all the debts he alleged the succession owed him had been paid.

We find no error in the trial court's judgment. Ms. Labry, as personal representative of the heirs of the succession, proved that Mr. Logan was not

4

qualified to serve as administrator.  She further showed that she was qualified to serve as administrator of the succession.  The judgment of the trial court is affirmed.

## <u>CONCLUSION</u>

The judgment of the trial court is affirmed.  Costs of this appeal are assessed to Mr. Logan.

**AFFIRMED.**